UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REACH AIR MEDICAL SERVICES LLC, CALSTAR AIR MEDICAL SERVICES, LLC, GUARDIAN FLIGHT LLC, MED-TRANS CORPORATION, and AIR EVAC EMS, INC. §§§§§§§§§§§§ Plaintiffs, v. AETNA HEALTH, INC., AETNA LIFE INSURANCE COMPANY and AETNA HEALTH AND LIFE INSURANCE COMPANY Defendants. | Civil Action No._____ JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiffs REACH Air Medical Services ("REACH"), CALSTAR Air Medical Services, LLC ("CALSTAR"), Guardian Flight LLC ("Guardian"), Med-Trans Corporation ("Med-Trans"), and Air Evac EMS, Inc. ("Air Evac") (together "Plaintiffs") file this Original Complaint against Defendants Aetna Health, Inc., Aetna Health and Life Insurance Company, and Aetna Life Insurance Company (collectively "Aetna") and would respectfully show the Court as follows:

## INTRODUCTION

1. Aetna has violated federal law by failing to timely pay over one million ($1,000,000) dollars in out-of-network payment awards issued to Plaintiff air ambulance providers under the No Surprises Act ("NSA"). Having underpaid each of the dozens of air ambulance claims at issue in this proceeding, Aetna forced Plaintiffs to file Independent Dispute Resolution ("IDR") proceedings under the NSA to be fairly compensated for the critical air ambulance services provided. After losing those proceedings, Aetna had thirty

("30") days under federal law to pay the additional amounts owed. Aetna failed to do so, and now forces Plaintiffs to file this lawsuit to enforce the awards and obtain the payment they are owed for the life-saving transports Plaintiffs provided Aetna members. The IDR process was intended to provide a quick mechanism for providers to get fairly paid. Yet Aetna is ignoring federal law and continuing its pattern of denying, delaying, and underpaying all the way to the courthouse door.

## PARTIES

2. Plaintiff REACH Air Medical Services LLC ("REACH") is a California limited liability company with its principal place of business in California.

3. Plaintiff CALSTAR Air Medical Services, LLC ("CALSTAR") is a California limited liability company with its principal place of business in California.

4. Plaintiff Guardian Flight, LLC is a Delaware limited liability company with its principal place of business in Texas.

5. Plaintiff Med-Trans Corporation is a North Dakota corporation with its principal place of business in Texas.

6. Plaintiff Air Evac EMS, Inc. is a Missouri corporation with its principal place of business in Missouri.

7. Defendant Aetna Health, Inc. is a Connecticut corporation with its principal place of business in Connecticut. It provides insurance and benefit administration services in states around the country. It is licensed and regulated by various insurance departments, including the Texas Department of Insurance. Aetna Health, Inc. may be served with process through

its registered agent, CT Corporation System, which is located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

8.      Defendant Aetna Life Insurance Company is a Connecticut corporation with its principal place of business in Connecticut.  It provides insurance and benefit administration services in states around the country.  It is licensed and regulated by various insurance departments, including the Texas Department of Insurance.  Aetna Life Insurance Company may be served with process through its registered agent, CT Corporation System, which is located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

9.      Defendant Aetna Health and Life Insurance Company is a Connecticut corporation with its principal place of business in Connecticut.  It provides insurance and benefit administration services in states around the country.  It is licensed and regulated by various insurance departments, including the Texas Department of Insurance.  Aetna Health and Life Insurance Company may be served with process through its registered agent, CT Corporation System, which is located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

## JURISDICTION AND VENUE

10.     This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331-1332 as all plaintiffs are diverse from all defendants and the amount in controversy exceeds $75,000.  This Court also has subject matter jurisdiction under the NSA, which creates a right to payment of IDR awards within thirty days of issuance.  *See* 42 U.S.C. § 300gg-112(b)(6).

11.     Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside and transact business in this district and a substantial part of the events giving rise to the claims occurred in this district.  This district is the headquarters of IDR entity Medical Evaluators of Texas ASO,

LLC, which issued many of the IDR awards involving Defendants. Additionally, several of the claims at issue concern transports that were provided in Texas.

## FACTUAL BACKGROUND

12. The air ambulance industry plays an integral role in the American healthcare system. Air ambulances often serve as the only lifeline connecting critically ill and injured patients to healthcare, particularly in rural areas. They transport trauma, stroke, heart attack, and burn patients and other emergent cases requiring critical care. Without air ambulances, more than 85 million Americans would not be able to reach a Level 1 or 2 trauma center within an hour when emergency care is needed. The delivery of on-demand, life-saving air ambulance services in emergencies requires substantial investments in specialized aircraft, air bases, technology, personnel, and regulatory compliance systems.

13. The NSA became effective January 1, 2022. It is implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury (the "Departments"), which together created a mandatory federal dispute resolution process to determine pricing for all out-of-network ("OON") emergency air ambulance transports of patients who are covered by commercial insurance.

14. Under the NSA, a health plan has thirty (30) days from the date the bill is transmitted by the provider to pay or deny the claim. 42 U.S.C. § 300gg-112(a)(3)(A-B). Insurers are allowed to initially pay to the OON provider whatever amount they choose (or nothing at all). If the payment is too low, the provider may initiate an "open negotiation period" to attempt to negotiate a higher amount. *Id.* § (b)(1)(A). If the negotiations fail, the provider may initiate the IDR process. *Id.* § (b)(1)(B).

15. The IDR process requires both parties to submit position statements and proposed offers of payment for the services at issue to a third party IDR entity. *Id.* § (b)(5)(B)(i)(I). The IDR entity then evaluates both proposed offers based on a number of statutory factors and selects one as the appropriate OON payment for the transport. *Id.* § (b)(5)(C). After an IDR determination, the health plan is required to pay any amount owed **within thirty (30) days**. *Id.* § (c)(6).

16. Plaintiffs followed these steps for each of the transports at issue herein, which took place across the country (California, Colorado, Florida, Georgia, Illinois, Indiana, Kansas, Missouri, North Carolina, Ohio, Oklahoma, Tennessee, Texas and Wyoming). Each of the disputes was submitted to one of three IDR entities: Medical Evaluators of Texas ASO, LLC, Federal Hearings and Appeals Services, Inc., and Network Medical Review Co. Ltd. Each proceeding resulted in Plaintiffs being owed additional payment for the out-of-network transport.

17. Each IDR determination concerns a health plan insured and/or administered by Aetna that utilizes Aetna's provider networks. For each, Aetna made an initial payment on the claim. Aetna does not disclose any information regarding its plans during the IDR process or on the Explanation of Payments ("EOP") that accompany Aetna's initial payment. The patients who Plaintiffs transported have each assigned to Plaintiffs their benefits under their Aetna health plans. Furthermore, the NSA created a right for out-of-network providers to be paid directly by payors.

18. Despite the legal requirement that Aetna pay the additional amounts owed within thirty days, it has failed to do so. The unpaid claims go back as far as June 16, 2022. As of

March 2, 2023, the total amounts awarded, unpaid and past due by Aetna total $1,049,321.25 (before interest).

19.  Plaintiffs seek herein all unpaid, past due amounts as of the date the Court issues judgment.  A chart listing the dispute numbers for each IDR award currently past due is attached hereto as Exhibit "A."

20.  With respect to self-funded plans administered by Aetna, the failure to timely pay IDR determinations was an abuse of discretion.  With respect to fully insured plans administered by Aetna, the failure to timely pay IDR determinations is a bad-faith claims practice that violates prompt pay laws  Plaintiffs have suffered damages as a result of the nonpayment, including interest on the amounts owed and collection costs.

### COUNT ONE (ALL IDR DETERMINATIONS)

### Action for Nonpayment of IDR Determinations (NSA 42 U.S.C. §300gg-112(b)(6))

21.  Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1-20 as if fully set forth herein.

22.  The NSA states that a determination of a certified IDR entity "shall be binding upon the parties involved" and that payment "shall be made directly to the nonparticipating provider not later than 30 days after the date on which such determination is made."  *See* 42 U.S.C. 300gg-111(c)(5)(E), 112(b)(6).  Thirty days have passed for all of the IDR determinations at issue herein.  Aetna has not challenged the awards.  It simply refuses to pay them.

23.  Plaintiffs are entitled to have the IDR determinations confirmed, converted into a federal judgment, and the assistance of this Court in post-judgment collection efforts.  It is further entitled to pre-judgment interest from the 31st day after each award was entered until

the date judgment is entered and post-judgment interest thereafter until the judgment is satisfied.

## COUNT TWO (APPLICABLE TO AETNA'S SELF-FUNDED BUSINESS)
### Improper Denial of Benefits (ERISA Section 502(a)(1)(B), 29 U.S.C. § 1332(a)(1)(B))

24. Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1-20 as if fully set forth herein.

25. Plaintiffs have been assigned the right to payment and benefits from Aetna's beneficiaries. Accordingly, Plaintiffs step into the shoes of, and are now considered, ERISA beneficiaries pursuant to 29 U.S.C. § 1002(8) for any self-funded plans Aetna is administering. As beneficiaries, they are entitled to plan benefits and have standing to bring claims under ERISA. Aetna is responsible for NSA compliance for the plans it administers. Plaintiffs are entitled to recover payment of plan benefits from Aetna per the IDR determinations.

26. Aetna improperly denied benefits by failing to pay the IDR awards within thirty (30) days of each decision as required by federal law. Aetna's actions were in derogation of Plaintiff's rights pursuant to law. They also constituted an abuse of discretion by: 1) not properly interpreting plan terms that are not ambiguous; 2) exercising discretion over non-discretionary plan terms; and 3) denying Plaintiffs payment and benefits under the plan terms.

27. Aetna's denial of payment and benefits upon the finality of IDR determinations were not substantially justified decisions, were arbitrary and capricious, were unsupported by substantial evidence, constituted abuse of any discretion allowed, and were wrongful under all the circumstances.

28. Plaintiffs, as assignee, hereby assert a claim under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1332(a)(1)(B) to recover payment of the IDR awards from the self-funded plans

administered by Aetna at issue herein.  Pursuant to 29 U.S.C. § 1132(g), Plaintiffs further seek an award of reasonable attorney's fees and costs incurred in bringing this action.

## COUNT THREE (APPLICABLE TO AETNA'S FULLY INSURED BUSINESS)
## Violation of State Prompt Pay Statutes

29.     Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1-20 as if fully set forth herein.

30.     The IDR determinations at issue here involve claims from numerous states.  Those states are California, Colorado, Florida, Georgia, Illinois, Indiana Kansas, Missouri, North Carolina, Ohio, Oklahoma, Tennessee, Texas, and Wyoming.

31.     Most states have enacted prompt pay laws which require health insurance companies, such as Aetna, to promptly pay claims or be subject to penalties.  IDR determinations qualify as "clean claims" and are required to be paid within the timeframe allowed for electronic claims.  Aetna has failed to pay the IDR determinations within each of the applicable state's prompt pay deadlines.

32.     Plaintiffs assert claims under Cal. Ins. Code § 10123.13 (California); Colo. Rev. Stat. Ann. § 10-16-106.5 (Colorado); Fla. Stat. Ann. § 627.6131 (Florida); Ga. Code Ann. § 33-24-59.14 (Georgia); 215 ILL Comp. Stat. Ann. § 5/368a (Illinois); Ind. Code Ann. § 27-8-5.7 *et seq.* (Indiana); Kan. Stat. Ann. § 40-2442 (Kansas); Mo. Ann. Stat. § 376.383 (Missouri); N.C. Gen. Stat. Ann. § 58-3-225 (North Carolina); Ohio Rev. Code Ann. § 3901.381 (Ohio); Okla. Stat. Ann. Title 36 § 1219 (Oklahoma); Tenn. Code Ann.§ 56-7-109 (Tennessee); Tex. Ins. Code Ann.§ 843.336 *et seq.* and § 1301.101 *et seq.* (Texas); and Wyo. Stat. Ann. § 26-15-124 (Wyoming).

33. As a result of Aetna's violation of these state prompt pay laws, Plaintiffs are entitled to the amounts owed in the IDR awards, the applicable penalties on the amounts owed, costs of suit and reasonable and necessary attorney's fees.

## PRAYER

WHEREFORE, Plaintiffs respectfully prays for judgment against Aetna as follows

a. Enforce the IDR determinations and issue judgment for the total amount outstanding plus pre- and post- judgment interest per 28 U.S.C. § 1961;

b. Award Plaintiffs their costs of suit herein and reasonable attorney's fees pursuant to ERISA Section 502(g)(1), 29 U.S.C. § 1132(g) or state prompt payment laws;

c. Award Plaintiffs penalties against Aetna in accordance with state prompt payment laws for all fully insured plans at issue herein; and

d. Award Plaintiffs their attorney's fees, costs, pre- and post-judgment interest, and any and all additional legal or equitable relief to which Plaintiffs may be entitled and this Court deems just and proper.

| | |
|---|---|
| Dated: March 3, 2023 | NORTON ROSE FULBRIGHT US LLP |

*/s/ Adam T. Schramek*
Adam T. Schramek, Lead Counsel
Texas Bar No. 24033045
Federal ID: 431403
98 San Jacinto Boulevard
Suite 1100
Austin, TX  78701-4255
Telephone:      (512) 474-5201
Facsimile:       (512) 536-4598
adam.schramek@nortonrosefulbright.com

Abraham Chang
Texas Bar No. 24102827
Federal ID: 3831625
Dewey J. Gonsoulin III
Texas Bar No. 24131337
Federal ID: 3805035
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:      (713) 651-5151
Facsimile:       (713) 651-5246
abraham.chang@nortonrosefulbright.com
dewey.gonsoulin@nortonrosefulbright.com

*Attorneys for Plaintiffs*